**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4391**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLTON CALVIN WILSON, a/k/a CC,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00254-RJC-DSC-1)

Submitted: April 13, 2018                      Decided: April 20, 2018
                        Amended: August 9, 2018

Before TRAXLER, DIAZ, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Calvin Wilson appeals the criminal judgment resulting from his guilty plea, pursuant to a plea agreement, to three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). Wilson's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the plea was voluntarily entered and whether the district court erred in designating Wilson an armed career criminal. Wilson filed a pro se supplemental brief and an amendment thereto, raising the same issues as well as a challenge to the constitutionality of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Upon our initial review of the appeal, we directed the parties to file merits briefs addressing the propriety of the district court's reasons for the selected sentence. The Government now moves to dismiss, asserting that the appeal of Wilson's sentence is precluded by the appellate waiver provision in Wilson's plea agreement. We grant the motion and dismiss this appeal as to Wilson's sentence, but affirm as to the remainder of the judgment.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Where the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, this court will enforce the waiver if the record establishes (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the scope of the waiver. *Id.*; *United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005).

"To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied" and whether the district court fully questioned the defendant during the Fed. R. Crim. P. 11 colloquy regarding the waiver of his right to appeal. *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Upon review of the record, we conclude that Wilson knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issues in this appeal, which include the ones asserted by Wilson and the one previously identified by this court, fall within the scope of the waiver. We therefore grant the Government's motion to dismiss this appeal as to Wilson's sentence.

In the *Anders* brief, counsel also questions whether the magistrate judge[1] complied with the requirements of Rule 11 when accepting Wilson's guilty plea, but points to no

---

[1] The magistrate judge advised Wilson of his right to have a district judge conduct the Rule 11 hearing, but Wilson consented to proceeding before the magistrate judge.

3

specific omission. The waiver provision, as asserted by the Government in the motion to dismiss, does not preclude our direct review of Wilson's convictions. Because Wilson did not seek to withdraw his guilty plea, this court reviews the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).

Our review of the plea hearing transcript confirms that the magistrate judge substantially complied with the requirements of Rule 11 in accepting Wilson's plea. Any omissions were minor and did not affect Wilson's substantial rights. The transcript further confirms that Wilson's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. We thus conclude that Wilson's guilty plea is valid. Finally, we find no merit in the issues asserted in Wilson's pro se supplemental briefs that relate to the propriety of his convictions,[2] and we observe that our *Anders* review of the record did not reveal any potentially meritorious issues that fall outside the scope of the appeal waiver. We therefore affirm the criminal judgment as to Wilson's convictions.

This court requires that counsel inform Wilson, in writing, of his right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

---

[2] Specifically, Wilson asserts that Congress exceeded the bounds of its authority under the Commerce Clause in enacting the ACCA. This contention is foreclosed by established circuit precedent. *See United States v. Presley*, 52 F.3d 64 (4th Cir. 1995).

4

motion must state that a copy thereof was served on Wilson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART*;
*AFFIRMED IN PART*